UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHULINDRA COOKS,                    [Saginaw Co. Court Case No. 21-045522
        Plaintiff,                  CZ-2; Hon. Manvel Trice III]
v.                                  E.D. Mich. Case No.
                                    Hon.
UAW LOCAL 699, TOM HURST,
RHONDA FRITZ, JOSHUA BAUER
and JASON STAVELY,
        Defendants.

| RICHARD R. VARY (P28517) | DARCIE R. BRAULT (P43864) |
|---|---|
| KEVIN L. KULA (P81913) | McKNIGHT, CANZANO, SMITH, |
| MASUD LABOR LAW GROUP | RADTKE & BRAULT, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 4449 Fashion Square Blvd. Ste. 1 | 423 N. Main Street, Suite 200 |
| Saginaw, MI  48603 | Royal Oak, MI  48067 |
| (989) 792-4499 | (248) 354-9650 |
| rvary@masudlaborlaw.com | dbrault@michworkerlaw.com |
| kkula@masudlaborlaw.com | |

## NOTICE OF REMOVAL

Defendant UAW Local 699, by its undersigned attorneys, files this Notice of

Removal pursuant to 28 U.S.C. §§1331, 1441 and 1446, to remove this action from

the Michigan Tenth (Saginaw County) Circuit Court to the United States District

Court for the Eastern District of Michigan. In support, Defendant UAW Local 699

states as follows:

1.      Plaintiff Chulindra Cooks filed a Complaint against UAW Local 699

("Union Defendant") and others in the Tenth (Saginaw County) Circuit Court, Case

No. 21-045522-CZ-2. **Exhibit 1** (Circuit Court Documents Served upon Union Defendant).

2.      Plaintiff served the Summons and Complaint upon the Union Defendant on October 14, 2021. On information and belief, Plaintiff has not yet served the Summons and Complaint upon all the Defendants. **Exhibit 1** (Circuit Court Documents Served upon Union Defendant). To the extent additional Defendants have been served, they consent to and join in this removal process.

3.      Defendant UAW Local 699 is Plaintiff's employer. The remaining Defendants are past or current Local union officials.

4.      Plaintiff Chulindra Cooks is a member of OPEIU Local 42, AFL-CIO, and the terms and conditions of her employment are governed by a collective bargaining agreement between her Defendant UAW Local 699 as employer and OPEIU Local 42, AFL-CIO, per the National Labor Relations Act, 29 U.S.C. §151, *et seq.* ("NLRA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, *et seq.* ("LMRA"). *See* **Exhibit 1**, Complaint, ¶18.

5.      Plaintiff alleges that Defendants took certain action against her in violation of the Collective Bargaining Agreement ("CBA") between Defendant UAW Local 699 and OPEIU Local 42, AFL-CIO. Specifically, Plaintiff alleges that:

      a.  she was required to sign a confidentiality agreement covering her employment. *See* **Exhibit 1**, Complaint, ¶30;

      b.  the UAW Local 699 President changed and removed Plaintiff's job

2

duties. *See* **Exhibit 1**, Complaint, ¶32;

c. there was no justification for taking disciplinary action against her and about the manner of taking that disciplinary action. *See* **Exhibit 1**, Complaint, ¶32, ¶42; and

d. Plaintiff pursued a grievance related to her complaints which was ultimately settled and Plaintiff was returned to work prior to the initiation of this lawsuit. Plaintiff nonetheless complains regarding alleged terms and conditions of her return to work, s*ee* **Exhibit 1**, Complaint, ¶32, ¶78, which terms and conditions are subject to the grievance settlement, which is itself a collectively bargained agreement.

6.      Questions relating to what the parties to a collective bargaining agreement agreed, and what legal consequences were intended to flow from breaches of the agreement, must be resolved by reference to uniform federal law under Section 301, whether such questions arise in the context of a suit for breach of contract or in suit alleging liability in tort. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211 (1985).

7.      While the tort claims alleged by Plaintiff are facially based upon state law, resolving the claims requires interpretation of the terms of a collective bargaining agreement and is, therefore, preempted. *Id.* A determination of whether the actions complained of are unwarranted or unjust, as alleged, will require an analysis of the collective bargaining agreement. As such, Plaintiff's claims are "inextricably intertwined with" the analysis of the CBA between Local 699 and the OPEIU Local 42 and are therefore subject to the doctrine of "complete preemption"

under 28 USC Sec. 1441.

8.      Plaintiff further complains about:

   a.   Defendant Local 699 officials' actions taken in membership meetings, the manner of taking minutes in membership meetings was not done in accordance with the Local's bylaws and the UAW Constitution, **Exhibit 2**, p. 133, *see* **Exhibit 1**, Complaint ¶33, 34;

   b.   Defendant Local 699's insistence upon adhering to the UAW Constitution with respect to the President's signature, *see* Complaint, ¶32¶43, and Local 699 elections, *See* **Exhibit 1**, Complaint ¶68; *see also* UAW Constitution, **Exhibit 2,** Art. 38, 40;

   c.   Defendant Local 699's failure to give effect to an alleged vote in a membership meeting that was not valid per the Local bylaws and the UAW Constitution, and conflicts with the CBA covering Plaintiff's employment, *See* **Exhibit 1**, Complaint ¶49, 50; and

   d.   Additionally, Plaintiff relies upon the organization of duties of the officers of the Local, governed by the UAW Constitution, in support of her "defamation by implication" claim, *See* **Exhibit 1**, Complaint ¶63.

9.      Each of the above factual claims requires reference to and interpretation of the UAW International Constitution, which contains specific requirements for Local governance. **Exhibit 2** (UAW Constitution).

10.     Section 301 of the LMRA also confers subject matter jurisdiction over claims arising under union constitutions to federal courts. *See Woodell v. IBEW Local 71*, 502 U.S. 93, 122 S.Ct. 494 (1991). District courts must therefore treat any state law claims that depend on an analysis of a CBA or union constitution as a Section 301 claim, or as a claim that is otherwise preempted by federal labor law.

*Allis Chalmers Corp*. at 220.

11.     As such § 301 operates to preempt Plaintiff's state law tort claims, again under the doctrine of complete preemption.

12.     As union officials, the alleged defamatory statements of the various Defendants are privileged. The extent of their privilege requires an evaluation of a collective bargaining agreement as well as the International UAW Constitution.

13.     Because the issue of privilege is an element of proof of a defamation claim and is dependent upon an interpretation of a collective bargaining agreement and the Constitution, the defamation claims are preempted.

14.     With respect to Plaintiff's claims for "Intentional Infliction of Emotional Distress," a defendant has not acted outrageously where they have done no more than to insist upon their legal rights in a permissible way. Therefore, Plaintiff's proof of her intentional infliction of emotional distress claims is dependent upon an interpretation of the parties' respective rights and responsibilities under the governing CBA.

15.     In the alternative, to the extent Plaintiff has pled any viable state law claims against Defendants, such claims are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

16.     Venue is appropriate in the Eastern District of Michigan because the Tenth (Saginaw County) Circuit Court is located within this judicial district. 28

U.S.C. §1441(a).

17.     Pursuant to 28 U.S.C. §1446(a), a true and accurate copy of all process and pleadings served on the Union Defendant are attached as Exhibit 1.

18.     This Notice of Removal is filed within 30 days of service on Defendant UAW Local 699 in accordance with 28 U.S.C. §§1441 and 1446(b).

19.     After filing this Notice of Removal, UAW Local 699 will give notice of the filing of this Notice of Removal to the Tenth (Saginaw County) Circuit Court and to Plaintiff pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant UAW Local 699 removes and gives notice of removal of this action from the Michigan state court, Tenth (Saginaw County) Circuit Court, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.

By: _/s/ Darcie R. Brault_
     DARCIE R. BRAULT (P43864)
     Attorneys for Defendants
     423 N. Main Street, Suite 200
     Royal Oak, MI  48067
     (248) 354-9650
     dbrault@michworkerlaw.com

Dated:  November 11, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 11, 2021, the foregoing paper was filed

with the Clerk of the Court using the ECF system and was served upon:

Richard R. Vary (P28517)
Kevin L. Kula (P81913)
Masud Labor Law Group
4449 Fashion Square Blvd. Ste. 1
Saginaw, MI  48603
rvary@masudlaborlaw.com
kkula@masudlaborlaw.com


via electronic mail and via U.S. First Class Mail, postage fully prepaid.

McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.

By: _/s/ Darcie R. Brault_
    DARCIE R. BRAULT (P43864)
    Attorneys for Defendants
    423 N. Main Street, Suite 200
    Royal Oak, MI  48067
    (248) 354-9650
    dbrault@michworkerlaw.com