UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHULINDRA COOKS,

        Plaintiff,

v.

        Civil Case No. 21-12640
        Honorable Linda V. Parker

UAW LOCAL 699, TOM HURST,
RHONDA FRITZ, JOSHUA BAUER
And JASON STAVELY,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF NO. 7)

This lawsuit arises from incidents that occurred during the course of Plaintiff Chulindra Cooks' employment with Defendant UAW Local 699 ("Defendant UAW"). Plaintiff brings claims against Defendants: UAW; Tom Hurst ("Defendant Hurst"); Rhonda Fritz ("Defendant Fritz"); Joshua Bauer ("Defendant Bauer"); and Jason Stavely ("Defendant Stavely"). In the Complaint, Plaintiff alleges the following state law claims: (1) Defamation *Per Se*; (2) Defamation *Per Se* by Implication; (3) Unlawful Civil Conspiracy to Defame; (4) False Light Invasion of Privacy and (5) Intentional Infliction of Emotional Distress against Defendant UAW, Defendant Fritz, Defendant Hurst, and Defendant Bauer; (6) Race Harassment in Violation of Michigan's Elliott-Larsen Civil Rights Act

("ELCRA"); (7) Race Discrimination in Violation of Michigan's ELCRA; (8) Retaliation in Violation of Michigan's ELCRA and (9) Unlawful Conspiracy in Violation of Michigan's ELCRA against Defendant UAW, Defendant Fritz, and Defendant Hurst; and (10) Defamation *Per Se*, Defamation by Implication, and Intentional Infliction of Emotional Distress against Defendant Stavely.  (Compl. Ex. 1, ECF No. 1-1.)  Plaintiff requests damages, costs, attorneys' fees, as well as declaratory relief due to Defendants' alleged "discriminatory, retaliatory, and/or otherwise unlawful treatment . . ." (*Id.* ¶ A, Pg ID 51.)

On September 9, 2021, Plaintiff filed her Complaint in the Tenth Circuit Court of Saginaw County, Michigan.  (*Id.* at Pg ID 10.)  On November 11, 2021, Defendants filed a "Joint Notice of Removal" removing the Complaint to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1441 and 1446(b).  (ECF No. 1.)  Defendants assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a) because Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA").  (ECF No. 1 ¶ 11, Pg ID 5.)

The matter is presently before the Court on Plaintiff's Motion to Remand Action to Saginaw County Circuit Court or, in the alternative, Motion to Transfer the Case to the United States District Court for the Eastern District of Michigan,

Northern Division, filed on December 10, 2021.[1] (ECF No. 7.) The motion has been fully briefed. (ECF Nos. 9-10.) For the reasons stated hereafter, the Court is granting Plaintiff's Motion to Remand.

## I.  Factual Background

On December 4, 2017, Plaintiff was hired as Defendant UAW's Secretary. (ECF No. 1-1 ¶ 18, Pg ID 13.) Plaintiff is a member of a protected class by virtue of her race, African American, and her gender, female. (*Id.* ¶ 16.) Plaintiff is also the first African American Secretary to be employed by Defendant UAW. (*Id.* ¶ 21.)

Defendant UAW is a local worker's union located in Saginaw, Michigan. (ECF No. 1 ¶ 10 , Pg ID 12.) Defendant Hurst is the immediate past President of Defendant UAW (serving 2018-2021). (*Id.* ¶ 11.) Defendant Fritz is the immediate past Financial Secretary of Defendant UAW (serving 2018-2021). (*Id.* ¶ 12.) Defendant Bauer is the current union Shop Committeeman for Plant 3. (*Id.* ¶ 13.) Defendant Stavely is the current Financial Secretary of Defendant UAW (serving Spring 2021-present). (*Id.* ¶ 14.)

---

[1] Plaintiff cites Local Rule 83.10 as justification for transfer, which states that cases shall be assigned to a "place of holding court" based on the "county in which the case was pending in State Court". (ECF No. 7 at Pg ID 673.) Per Local Rule 83.10(a)(2), the appropriate place of holding court for cases filed in the Saginaw County Circuit Court is the United States District Court for the Eastern District of Michigan, Northern Division. Defendants do not dispute a transfer to the Northern Division if federal preemption is found. (ECF No. 9 at Pg ID 766 n.4.)

Plaintiff's claims against Defendants arise from conduct she experienced after Defendant Hurst and Defendant Fritz began their positions at Defendant UAW. (ECF No. 1-1 ¶ 24, Pg ID 14.) Plaintiff asserts that under their leadership, she suffered explicit racial discrimination, harassment, and retaliation in performance of her job duties as Secretary. (*Id.* ¶ 24, Pg ID 14.) To elaborate, Plaintiff claims that Defendant Hurst and Defendant Fritz used racial slurs, including using "the 'N' word," and made racially discriminatory comments in her presence. (*Id.* ¶¶ 33, 46, Pg ID 14.) Plaintiff alleges Defendant Hurst and Defendant Fritz conspired and retaliated against her for reporting the conduct to the Michigan Department of Civil Rights. (*Id.* ¶¶ 31, 39-40.) Specifically, Defendant Fritz stated, "Black lives don't matter" and that she and her boyfriend "had hundreds of rounds of homemade ammunition to be 'ready for the coming race war,' or words to that effect." (*Id.* ¶ 46, Pg ID 17.)

Plaintiff further alleges that Defendant Hurst, Defendant Fritz, and Defendant Bauer defamed her by "fabricating, authoring, publishing, and/or authorizing the publication of a UAW Local 699 FIREPOWER letter," which implied that she engaged in criminal activity regarding the finances of the union. (*Id.* ¶¶ 52, 56-59, Pg ID 17.) Plaintiff alleges that this letter was also distributed on the internet and social media to embarrass, silence, discredit, and stifle her. (*Id.* ¶¶ 52, Pg ID 17.) Lastly, Plaintiff asserts that Defendant Stavely made defamatory

4

statements about her when he stated that she engaged in criminal activity by renting out the union hall to local "gang members." (*Id.* ¶ 248 at Pg ID 47.)

Before Defendant Hurst and Defendant Fritz began employment with Defendant UAW, Plaintiff served under President Rick Burzynski ("Burzynski") and Financial Secretary Craig Everett ("Everett"). (ECF No. 1 ¶ 23, Pg ID 13.) Notably, Burzynski and Everett have also filed lawsuits against Defendant UAW, Defendant Fritz, Defendant Hurtz, and Defendant Bauer for some of the exact same claims that are present before the Court: defamation *per se*, defamation *per se* by implication, unlawful civil conspiracy to defame, false light invasion of privacy, and intentional infliction of emotional distress—all under Michigan law. *See Everett v. UAW Loc. 699*, No. 1:21-CV-12648, 2022 WL 2359654, at *2 (E.D. Mich. Feb. 18, 2022) and *Burzynski v. UAW Loc. 699*, No. 1:21-CV-12650, 2022 WL 2359652, at *2 (E.D. Mich. Feb. 18, 2022). Similar to Plaintiff in this case, their claims arose from the dissemination of the "FIREPOWER" letter by Defendants. *Id.* at 1. Moreover, like the case before the Court today, Defendants removed both cases to the Eastern District where it was ultimately remanded back to state court.[2] *Id.* at 6.

---

[2] The Northern Division's Order and Opinion remanding both cases occurred after Defendants filed this Notice of Removal with this Court.

5

Defendants maintain that all of Plaintiff's state law claims are "inextricably intertwined" with the analysis of the collective bargaining agreement ("CBA") between Defendant UAW and the OPEIU Local 42, thus requiring removal to federal court.  (ECF No. 1 ¶ 11, Pg ID 5.)  Plaintiff disagrees and argues in response that her claims are independent of the CBA and as such, are not preempted.  (ECF No. 10.)

## II. Motion to Remand Standard

The Sixth Circuit advises that "[w]hen deciding a motion to remand," the court should "apply a test similar to but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952-54 (6th Cir. 2011)).  "Notably, in reviewing a motion to remand, this Court must assume all the facts set forth by Plaintiff to be true and resolve all uncertainties as to state substantive law in favor of Plaintiff." *Burzynski v. UAW Loc. 699*, No. 1:21-CV-12650, 2022 WL 2359652, at *1 (E.D. Mich. Feb. 18, 2022) (citing *Walker* at 945).  The court "may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties." *Casias*, 695 F.3d at 433.  Lastly, "the court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* (quoting *Walker*, 443 F. App'x at 955-56).

## II. Applicable Law & Analysis

### A. Preemption

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether federal question jurisdiction exists, the courts look to the plaintiff's complaint:

> "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of [the] plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law."

*Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (en banc) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (internal citations omitted). It is well established that state law claims arising from a breach of a CBA are preempted by Section 301 of the LMRA and may be removable to federal court regardless of whether the plaintiff actually alleges federal claims on the face of his or her complaint. *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). However, it also is well established that a federal defense may not be the basis of removal to federal court. *Id.*

A court's determination of whether a state law claim is preempted by the LMRA focuses on whether the state law "confers nonnegotiable state-law rights on

7

employers or employees independent of any right established by contract, or, instead, whether evaluation of the . . . claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).  As the Supreme Court subsequently explained, a state law is not preempted by the LMRA if "resolution of the state-law claim does not require construing the collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988).  Stated differently, "Section 301 preempts only state law claims that are *substantially dependent* on an analysis of a CBA…not claims that only tangentially involve CBA provisions." *Fox v. Parker-Hannifin Corp.*, 914 F.3d 795, 799-800 (6th Cir. 1990) (internal quotation marks and citations omitted) (emphasis added).

The Sixth Circuit has developed a two-step approach for determining whether Section 301 preempts a state-law claim:

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. . . Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law.  If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption.  However, if neither or only one criterion is satisfied, § 301 preemption is warranted.

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (internal citations omitted).  When assessing the first criteria, "the court is not bound by the 'well-

pleaded complaint' rule, but rather, looks to the *essence* of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort." *Id*. (citing *Terwilliger*, 882 F.3d at 1037) (emphasis added).  "If the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement." *Id*. (citing *Dougherty v. Parsec, Inc.*, 872 F.2d 766, 770 (6th Cir. 1989)).

Even if the Court must reference Defendant's CBA or its Constitution,[3] the Court finds that Section 301's sphere of complete preemption does not reach the state law claims at issue because they are not "substantially dependent on [the] analysis of a collective bargaining agreement." *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004) (quoting *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799-800 (6th Cir. 1990)).

### i.  Claims 1-4[4]

Plaintiff's Claims 1-4 do not require the Court to look to the CBA or Union Constitution as they are based on the letter disseminated both internally and externally by Defendants implying that Plaintiff, Burzynski, and Everett engaged in criminal activity surrounding the union finances.  (ECF No. 1 ¶ 56, Pg ID 18.)

---

[3] To be clear, the Court does not make this finding in this Opinion and Order.
[4] (1) Defamation *Per Se*; (2) Defamation *Per Se* by Implication; (3) Unlawful Civil Conspiracy to Defame; (4) False Light Invasion of Privacy.

9

Plaintiff's claims are virtually identical in language to the claims brought forward by Burzynski and Everett in their pending lawsuits. *See Burzynski v. UAW Loc. 699*, No. 1:21-CV-12650, 2022 WL 2359652 (E.D. Mich. Feb. 18, 2022) and *Everett v. UAW Loc. 699*, No. 1:21-CV-12648, 2022 WL 2359654 (E.D. Mich. Feb. 18, 2022).

In all three cases, Defendants assert that as union leaders they are entitled to "qualified privilege." (ECF No. 9 at Pg ID 773.) Defendants maintain that the CBA must be examined to determine the scope of their privilege and whether they violated it, thus preempting state law. (ECF No. 1 ¶ 13, Pg ID 5.)

However, in *Burzynski* and *Everett,* Judge Ludington disagreed, holding that the claims were not preempted by Section 301 because the rights plaintiffs asserted were borne of state law and therefore independent of the CBA as pled. *Burzynski,* 2022 WL 2359652, at *6; *see also Everett v. UAW Loc. 699*, No. 1:21-CV-12648, 2022 WL 2359654, at *6 (E.D. Mich. Feb. 18, 2022). The Court agrees.

In *Burzynski* and *Everett*, Judge Ludington noted first that qualified privilege is an affirmative defense, and that ". . . it is a maxim of federal civil procedure that an affirmative defense raised by a defendant may not establish federal jurisdiction under 28 U.S.C. § 1331.*" Id.* at 4 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987).) Moreover, although the defamatory letter was distributed internally thus potentially raising the issue of privilege, it was also posted on

10

various internet pages for the public to read. *Id.* at 5. "Accordingly, the state court could resolve the merits of Plaintiff's defamation claim without considering the *Firepower* article and, therefore, is not required to interpret the UAW constitution to determine whether the communications are within the scope of the union officials' duties." *Id.*

Similarly, Plaintiff is not relying on the terms of her employment contract in asserting her right to not be publicly defamed. Instead, Plaintiff bases her claims on the protections under Michigan law to not have "lies" spread about her online. *See Burzynski,* 2022 WL 2359652, at *5; s*ee also Anzevino v. DePasquale*, No. 4:08 CV 2492, 2009 WL 1662498, at *10 (N.D. Ohio June 15, 2009) (finding that "Plaintiff's claim should be construed as based upon the generalized duty not to publish false and defamatory statements about other people; not based on some provision of the CBA," because "the Amended Complaint does not invoke any rights under the CBA on its face"). As such, the Court agrees with the holdings in *Burzynski* and *Everett* that Claims 1-4 are not preempted by Section 301.

    ii.    **Claim 5**[5]

For similar reasons, this Court is not persuaded that Plaintiff's claim of intentional infliction of emotional distress is preempted by Section 301. A prima facie case of intentional infliction of emotional distress in Michigan has four

---

[5] (5) Intentional Infliction of Emotional Distress.

elements: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Roberts v. Auto-Owners Ins. Co.,* 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985).

Defendants assert that an analysis of the CBA is necessary to determine whether they behaved in such a way to satisfy this claim. (ECF No. 1 ¶ 14, Pg ID 5.) However, Plaintiff does not assert that Defendants violated terms of a specific contract, CBA, or UAW's Constitution when they behaved "outrageously". (ECF No. 1-1 ¶ 179, Pg ID 38.) What Plaintiff asserts is a violation of her right to not be victim to the above elements as proscribed by Michigan tort law. (*Id.* ¶ 178.) A state court could resolve the merits of this claim without considering the CBA, as the "factual inquiry" as to whether Defendants behaved outrageously does not "turn on the meaning of any provision of [the] CBA." *Lingle,* 486 U.S. at 1878. As such, this claim is not preempted by Section 301.

    iii.    **Claims 6-9**[6]

Defendants maintain that Plaintiff's ELCRA claims are also preempted by Section 301. In support, Defendants cite to Plaintiff's Complaint where she mentions that she was required to sign a confidentiality agreement, that her job duties were changed, and that she was laid off under false pretenses, among other

---

[6] (6) Race Harassment in Violation of Michigan's ELCRA; (7) Race Discrimination in Violation of Michigan's ELCRA; (8) Retaliation in Violation of Michigan's ELCRA; (9) Unlawful Conspiracy in Violation of Michigan's ELCRA.

allegations. (ECF No. 9 at Pg ID 777-779.) Defendants argue that in order to truly evaluate the ELCRA claims based on these facts, the Court must refer to the CBA. (ECF No. 9 at Pg ID 779.) Moreover, Defendants argue that because Plaintiff asserted these same adverse actions in a grievance filed on her behalf by the union, it is "disingenuous" for Plaintiff to claim that these actions are not "inextricably intertwined with the interpretation of the OPEIU CBA and the UAW Constitution." (ECF No. 9 at Pg ID 770.) Plaintiff maintains that she makes no claims of breach of the UAW Constitution or OPEIU CBA and as such, there is no need to interpret either in deciding her state law claims. (ECF No. 10 at Pg ID 787.) The Court finds that the "essence" of Plaintiff's claims derive from the alleged racially discriminatory pretext behind Defendant's actions. As such, the Court is not required to consult the CBA in its analysis.

The Court looks to the Sixth Circuit's ruling in *Tisdale v. United Ass'n of Journeymen* for guidance. 704, 25 F.3d 1308 (6th Cir. 1994.) In *Tisdale*, the plaintiffs alleged that they were victims of racial discrimination because their employer did not permit them to transfer to a different location without meeting the residency requirement, despite the same not being required of their white colleagues. *Id.* at 1310. The defendants in *Tisdale* removed the case to federal court arguing that an analysis of the CBA was necessary to determine if they were in fact being racially discriminatory. *Id.* at 1309.

13

The court ultimately held that *Tisdale* was "…not fundamentally a *labor* case involving negotiated contractual terms, which is what 301 addresses. [It was] a *discrimination* case involving non-negotiable rights guaranteed by the State of Michigan." *Id.* at 1312. Moreover, like the defendants in this case, "the present Defendant[s] may raise defenses that require the state court to interpret some text that implicates federal law, '[b]ut this neither invokes removal jurisdiction nor divests the state court of its normal authority to adjudicate a case that contains an issue touching upon federal law.'" *Mills v. Mount Clemens Reg'l Med. Ctr.,* No. 07-13222, 2007 WL 9819309, at *2 (E.D. Mich. Sept. 26, 2007) (quoting *Tisdale,* 704 F.3d at 1309); *see also Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1333 (6th Cir. 1989) ("That Chrysler may defend this ... claim by reference to its responsibilities under the collective-bargaining agreement ... is, in our view, no basis to hold that § 301 preemption is mandated under these circumstances.")

Applying *Tisdale* to the facts of the case before the Court today, the "essence" of Plaintiff's claims is discrimination, not a contract dispute. As the Supreme Court stated in *Lingle,* "[Typically]…a state court can resolve a claim of discriminatory or retaliatory discharge without interpreting the 'just cause' language of a collective bargaining agreement." 486 U.S. at 1885.

14

Moreover, Defendants' argument that Plaintiff's previous grievance filing lends credence to the notion that her claims are inextricably intertwined with federal law is unpersuasive. As the Supreme Court noted:

> The mere fact that a broad contractual protection against discriminatory or retaliatory discharge may provide a remedy for the conduct that coincidentally violates state-law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract. For even if an arbitrator should conclude that the contract does not prohibit a particular discriminatory or retaliatory discharge, that conclusion might or might not be consistent with a proper interpretation of state law.

*Id.* at 1885. Plainly, "there is nothing novel about recognizing that substantive rights in the labor relations context can exist without interpreting collective-bargaining agreements." *Id.* at 1884.

Since Plaintiff only alleges the denial of rights as defined by the ELCRA, the critical inquiry will focus on "…the purely factual determinations regarding the conduct and motivation of the employer." *Mills,* WL 9819309, at 2. As such, the Defendants' conduct will govern the outcome of this case, not the terms of the CBA.

    **iv.**    **Claim 10[7]**

---

[7] Defamation *Per Se*; Defamation by Implication; and Intentional Infliction of Emotional Distress against Defendant Jason Staveley.

Defendants do not argue a federal preemption defense as it pertains to the claims against Defendant Stavely, noting that they will instead be submitting a motion to dismiss on his behalf. (ECF No. 9 at Pg ID 776.) Defendants briefly assert that Defendant Stavely's alleged defamatory statements were made during a police inquiry and there is no evidence of the statements being published to a third party. *Id.* Plaintiff maintains that Defendant Stavely published these remarks to third parties (i.e. members of Defendant UAW via written/oral statements) and as such, is liable for the claims asserted against him. (ECF No. 1 ¶ 251, Pg ID 48.) The Court will not address the merits of these claims and will instead remand them to the appropriate state court.

### IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's state law claims are not preempted by federal law.

Accordingly,

**IT IS ORDERED,** that Plaintiff's motion to remand (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED,** that the Clerk of the Court shall remand the matter to the Circuit Court for Saginaw County, Michigan for any further

determination of Plaintiff's state law claims.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: September 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 28, 2022, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager